LEMMON, Judge.
After his minor son was injured in a two-car accident, plaintiff sued the other motorist and his own insurance company under his uninsured motorist coverage. Plaintiff has now appealed from a judgment in favor of the defendants after a trial on the merits.
The accident occurred at about 1:30 A. M. on the unlighted Clearview Parkway-exit road from Interstate Highway No. 10 in Jefferson Parish. The ground level exit road consisted of one asphalt lane, lined on *821 both sides with solid white lines, with a shoulder on each side, the one on the right being slightly narrower than the width of defendant motorist’s pick-up truck. The gradually curving exit road extended from I — 10 to northbound Clearview Parkway, and the accident occurred at a point about ISO to 300 feet from I — 10. There were no trees, shrubs or other obstructions to vision at any point along the exit which would prevent a motorist from seeing across the exit road from I — 10 to Clearview Parkway. The posted speed limit was 30 miles per hour.
The parties offered conflicting versions as to how the accident occurred. The defendant motorist testified that his engine killed as he entered the exit; that he coasted 300 to 400 feet along the exit road, moving to the right as far as possible; that two following cars passed him on the left while he was coasting; that he had almost completely stopped when he was struck from the rear by plaintiff’s son, whom he did not see prior to the collision; and that at the time of the collision his headlights and taillights were burning, but that he had no back up lights or other white lights on the rear of his truck.
On the other hand, plaintiff’s son testified that he was driving his Volkswagen about 40 miles per hour as he entered the exit; that about 125 to 150 feet along the exit road, he noticed the truck about 30 to 50 feet in front of him; that he had not seen the truck before because of the curve in the road; that the truck was backing up and the driver was looking to the rear; that he saw white lights on the rear of the truck which were so bright that he couldn’t see whether the truck had taillights; that the left side of the truck was in the middle of the lane; that “I had room to pass but the position I was in I couldn’t pass him”; and that when he swerved to the left, the right rear of his car struck the left rear of the truck.
A passenger in plaintiff’s car substantially corroborated the latter version of the incident. There were no other fact witnesses.
On appeal plaintiff contends that he proved his case by a preponderance of the evidence and that the trial judge failed to reconcile the conflicting testimony of the drivers.
The defendant driver’s testimony was not self-contradictory, although it was in direct conflict with that of plaintiff’s son. While the trial judge did not assign written reasons or findings of fact, he apparently resolved the conflict between the two factual accounts of the accident in favor of the defendants by rendering judgment in their favor. After reviewing the record we conclude that the trial judge did not commit manifest error by accepting the defendant motorist’s version (which completely absolved him from negligence) and by rejecting the version presented by plaintiff’s son and his passenger.
The judgment is affirmed.
Affirmed.